IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02733-BNB

DALE HENRY ATOR,

Applicant,

v.

GEORGE DUNBAR, Warden at Buena Vista, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

I. Background

Applicant Dale Henry Ator is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Ator initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his February 10, 2003, conviction in the Park County District Court of Colorado in Case No. 02CR59. In an order entered on January 7, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On January 27, 2009, Respondents filed a Pre-Answer. Mr. Ator filed a Reply on February 13, 2009.

In the Reply, Mr. Ator states that he also is filing an Amended Application pursuant to Fed. R. Civ. P. 15(d). Under Rule 15(d), an applicant may move to file a supplemental pleading that sets forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Nothing in the pages attached to the February 13, 2009, Reply, which includes a completed Court-approved form used in filing 28 U.S.C. § 2241 actions, sets forth a transaction or occurrence that has happened since Mr. Ator initiated the action on December 12, 2008. The Court, therefore, will deny Mr. Ator's request to supplement his Application.

The Court further notes that Mr. Ator has submitted two other Court-approved 28 U.S.C. § 2241 Application forms in this action, one on December 12, 2008, when he initiated the action, and the other on January 22, 2009. The Court will consider both Applications in addressing whether the action is time-barred under 28 U.S.C. § 2244(d), and whether he has exhausted state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A).

Mr. Ator asserts that he pled guilty to one count of sex assault on a child and was sentenced to six years to life in prison on February 10, 2003. (Applications at 2.) He also asserts that he did not file a direct appeal, but that he filed a Colo. R. Crim P. 35(b) postconviction motion on May 19, 2003, that was denied on July 15, 2003, but in which he did not seek an appeal of the denial. (Dec. 12 Application at 2 and 4.) Mr. Ator further asserts that (1) he filed a Colo. R. Crim. P. 35(a) and (c) postconviction motion on February 10, 2006; (2) the trial court denied the motion on May 15, 2006; (3) the Colorado Court of Appeals affirmed the trial court's denial on November 15, 2007;

and (4) the Colorado Supreme Court denied his petition for a writ of certiorari on March 31, 2008. (Jan. 22 Application at 18, 26, 55, and 66.)

II. Analysis

The Court must construe liberally Mr. Ator's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Ator's Application is time-barred. They contend that because he did not file a direct appeal his conviction became final on March 27, 2003, when the time expired for seeking appellate review. (Pre-Answer at 6.) Respondents further contend that from March 27, 2003, when Mr. Ator's conviction became final, until May 19, 2003, when he filed a motion for reconsideration, a total of fifty-three days, the time is not tolled for the purposes of § 2244(d). (Pre-Answer at 6.) Respondents also assert that from July 14, 2003, when his motion for reconsideration was denied, until February 13, 2006, when he filed a Rule 35(c) postconviction motion, a period of two and a half years, the time also is not tolled for the purposes § 2244(d). (Pre-Answer at 6.) Respondents conclude that Mr. Ator is time-barred under § 2244(d), because the one-year limitation period expired long before Mr. Ator filed his Rule 35(c) postconviction motion on February 13, 2006. (Pre-Answer at 7.)

Mr. Ator does not assert in either of his Applications, or in his Reply, that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims at the time of his conviction and direct appeal, or that

4

there were any impediments to filing a 28 U.S.C. § 2254 application about his claims that were created by state action. The Application is barred pursuant to 28 U.S.C. § 2244(d), in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Ator bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Ator fails to allege any facts with respect to his claims that might justify equitable tolling of the one-year limitation period. The action, therefore, is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Ator has exhausted his state court remedies.

5

## III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that Mr. Ator's request to supplement his Application is denied. It is

FURTHER ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 3 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02733-BNB

Dale Henry Ator
Prisoner No. 116467
Fremont Corr. Facility
PO Box 999 Unit LU6UC
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/3/09

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk